# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL TAMAYO TORRES, Jr., CDCR #V-12118,<br><br>Plaintiff,<br><br>vs.<br><br>MIKE EVANS, Warden, et al.,<br><br>Defendants. | Civil No.   08-0761 BEN (NLS)<br><br>**ORDER:**<br><br>**1)  DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* [Doc. No. 2];**<br><br>**2) SUA SPONTE DISMISSING ALLEGATIONS AGAINST DEFENDANTS RYAN AND STEVENSON FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A(b);**<br><br>**AND**<br><br>**3)  DISMISSING REMAINDER OF CIVIL ACTION WITHOUT PREJUDICE FOR LACK OF PROPER VENUE PURSUANT TO 28 U.S.C. §§ 1391(b) AND 1406(a)** |

Manuel Tamayo Torres, Jr., ("Plaintiff"), currently incarcerated at Salinas Valley State Prison ("SVSP") located in Soledad, California, and proceeding pro se, has submitted a civil rights Complaint pursuant to 28 U.S.C. § 1983. Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

## I.

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

Prisoners seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint...." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *see also Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002). Thereafter, the institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

While Plaintiff has filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), he has not attached a certified copy of his prison trust account statement for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2. Section 1915(a)(2) clearly mandates that prisoners "seeking to bring a civil action ...without prepayment of fees ... *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).

1 Without Plaintiff's trust account statement, the Court is simply unable to assess the appropriate amount of the filing fee required to initiate this action. *See* 28 U.S.C. § 1915(b)(1). Therefore, Plaintiff's Motion to Proceed IFP must be DENIED.

## II.

### SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. § 1915A

### A. Standard of Review

Pursuant to the Prison Litigation Reform Act, all federal courts are required to engage in a preliminary screening of cases filed by prisoners seeking redress from a governmental entity, officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss prisoner complaints, or any portions thereof, which are frivolous or malicious, fail to state a claim upon which relief may be granted, or which seek monetary relief from defendants who are immune. 28 U.S.C. § 1915A(b); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000).

"Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts on the light most favorable to the plaintiff." *Resnick,* 213 F.3d at 447; *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Nevertheless, in giving liberal interpretation to a pro se civil rights complaint, the court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Even liberally construed, Plaintiff's allegations against Defendants Ryan and Stevenson must be dismissed pursuant to 28 U.S.C. § 1915A(b) for the reasons set forth below.

### B. Failure to State a Claim

As currently pleaded, it is clear that Plaintiff's Complaint fails to state a cognizable claim under 42 U.S.C. § 1983 against Defendants Ryan and Stevenson, who are the only two parties alleged to reside in Imperial County. (*See* Compl. at 7.) Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or

immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 643 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

### C. Property Claims

In his Complaint, Plaintiff claims Defendants Ryan and Stevenson engaged in "corruption, conspiracy, theft, petty theft and robbery." (Compl. at 7.) The only other reference to these two defendants is an allegation that Plaintiff is "still missing $99 in cosmetics alone," which he attributes to Defendant Stevenson. (*Id.* at 10.)

First, Plaintiff has set forth no allegations as to how either of these Defendants violated his constitutional rights. "In § 1983 cases, it is the constitutional right itself that forms the basis of the claim." *Crater v. Galaza*, 508 F.3d 1261, 1269 (9th Cir. 2007).

Second, to the extent that a liberal construction of Plaintiff's Complaint suggests a desire to hold Ryan and Stevenson somehow accountable for depriving him of his cosmetics or other personal property in violation of the Fourteenth Amendment's Due Process Clause, such allegations do not, and cannot state a claim under § 1983. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The "negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) (citing *Hudson*, 468 U.S. at 533). The California Tort Claims Act provides California state prisoners with an adequate post-deprivation remedy for the random and unauthorized taking of property. *Id.* at 816-17; *see also* CAL. CODE REGS., tit. 15 § 3193 (2007).

Thus, because Plaintiff has an adequate state post-deprivation remedy for addressing his lost property claims, his allegations against Defendants Ryan and Stevenson fail to state a claim upon which § 1983 relief can be granted and therefore, must be dismissed pursuant to 28 U.S.C. § 1915A(b). *Resnick,* 213 F.3d at 447 & n.2.

/ / /

/ / /

/ / /

## III.

## LACK OF PROPER VENUE

Finally, review of the remainder of Plaintiff's Complaint shows that his case lacks proper venue. Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district in or division in which it could have been brought." 28 U.S.C. § 1406(a).

Here, Plaintiff is currently incarcerated in SVSP, which is in Soledad, California, and within the jurisdictional boundaries of the Northern District of California. *See* 28 U.S.C. § 84(a). In addition, one defendant, Correctional Counselor Partida, is alleged to reside in Soledad, (Compl. at 2), while two others (Rhodes and Powers) are alleged to reside in Lancaster. (*Id.* at 3). Lancaster is located in Los Angeles County, which is within the Central District of California, Western Division's jurisdictional borders. *See* 28 U.S.C. § 84(c)(2). Another Defendant, Dr. Salazar, is alleged to reside in Coalinga. (*Id.* at 4.) Coalinga is in Fresno County, which is located in the Eastern District of California. *See* 28 U.S.C. § 84(b).

With the exception of Defendants Ryan and Stevenson, who are the only two defendants alleged to reside within the Southern District of California's jurisdictional boundaries pursuant to 28 U.S.C. § 84(d), but whom have already been dismissed pursuant to 28 U.S.C. § 1915A *supra*, all remaining Defendants (Pool, Eiler, Carassco, Rose, Sampson, Covey, Snyder, Pierce

and Robinson) are alleged to reside in Tehachapi, where Plaintiff was once housed and where the gravamen of Plaintiff's claims are alleged to have arisen. (*Id.* at 1-6.) Tehachapi, and California Correctional Institution ("CCI") Tehachapi, are located in Kern County. Thus, while venue may also lie in the Northern and Central Districts of California, venue as to the majority of Plaintiff's remaining claims is *most* proper in the Eastern District of California pursuant to 28 U.S.C. § 84(b).[1] *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

## IV.

### CONCLUSION AND ORDER

For the reasons set forth above, **IT IS ORDERED** that:

(1) Plaintiff's Motion to Proceed IFP [Doc. No. 2] is **DENIED**;

(2) Plaintiff's claims against Defendants Ryan and Stevenson are **DISMISSED** sua sponte and without leave to amend for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915A(b); and

(3) The remainder of the action is **DISMISSED** without prejudice for failure to prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) and for lack of proper venue pursuant to 28 U.S.C. §§ 1391(b) and 1406(a).

The Clerk shall close the file.

DATED: May 12, 2008

Hon. Roger T. Benitez
United States District Judge

---

[1] Plaintiff is cautioned, however, that should he elect to proceed with these claims by filing a Complaint in the Eastern District of California, along with a *completed* Motion to Proceed IFP, his Complaint will also be subject to the sua sponte screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *see also Resnick*, 213 F.3d at 446-47 (discussing sua sponte screening per 28 U.S.C.§ 1915A(b)).